FILED
2011 Sep-06  AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE L. TURNER, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:09-CV-02517-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Eddie L. Turner, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability and Disability Insurance Benefits ("DIB").  Mr. Turner timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Turner was fifty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a twelfth grade education with

one year of college.   (Tr. at 19.)   His past work experiences include employment as a truck driver and plant foreman.  (*Id.* at 26-27.)  Mr. Turner claims that he became disabled on March 21, 2007, due to a back injury. (*Id.* at 10.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).   If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise,

the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii),  416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Turner meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 10.)  He further determined that Mr. Turner has not engaged in substantial gainful activity since the alleged onset of his disability.  (*Id*.) According to the ALJ, Plaintiff's cervical degenerative disc disease status post fusion; lumbar degenerative disc disease status post laminectomy/discectomy; low back pain; and muscle spasms are "severe" based on the requirements set forth in the regulations.  (*Id*.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Subpart P, Appendix 1, Regulations No. 4.  (*Id*. at 11.)  The ALJ did not find Mr. Turner's allegations to be totally credible, and he determined that he has the following residual functional capacity: to perform a reduced range of light work which requires no sitting or standing in excess of thirty minutes at a time and no lifting greater than 15 pounds occasionally and ten pounds frequently.  (*Id*.)

According to the ALJ, Mr. Turner is also able to perform past relevant work as a warehouse manager. (*Id*. at 18.)  He determined that this work

does not require the performance of work-related activities precluded by the claimant's residual functional capacity.  (*Id*.)  The ALJ also considered whether there were any jobs in the national economy that Mr. Turner could perform given his age, education, and residual functional capacity.  (*Id*.)  Even though Plaintiff cannot perform the full range of sedentary work, the ALJ used Medical-Vocation Rule 201.25 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as a  stock and inventory clerk, an assembler, or a driver.  (*Id*. at 19-20)  The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  (*Id*. at 20.)

## II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court

approaches the factual findings of the Commissioner with deference but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards

is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Mr. Turner alleges that the ALJ's decision should be reversed and remanded for one reason.  He believes that the ALJ did not give proper consideration to his subjective complaints of pain when he made his determination.  (Doc. 11.)

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). However, the Eleventh Circuit has "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 F.3d at 1211. Although "particular phrases or formulations" do not have to be cited in an ALJ's credibility determination, it cannot be a "broad rejection" which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* at 1210 (internal quotations omitted). The ALJ has the ability to weigh evidence, as "the resolution of conflicting evidence is for the Secretary and the administrative law judge, rather than for this Court." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984) (quoting *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981)).

Plaintiff suggests the ALJ failed to articulate reasons for refusing to credit Mr. Turner's subjective pain testimony.  (Doc. 11 at 11.)  Although the ALJ did not explicitly reference the pain standard, he did consider "opinion evidence."  (Tr. at 17.)  He concluded that Mr. Turner was "generally credible," but found that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment."  (*Id*. at 18.)  The ALJ considered Mr. Turner's complaints, identifying a litany of them, including his statement that his unmedicated pain level was a 7 or 8, his testimony that he had constant pain and frequent spasms, his use of a TENS unit for pain relief, and his reliance on several pain relief medications.  (*Id*. at 12.)

The ALJ then discredited Mr. Turner's testimony on severity, citing portions from the assessments of Dr. Dewey Jones, Mr. David Bledsoe, Dr. Matt Parker, Dr. Mark Downey, Dr. Marcus Whitman, and Dr. Robert Estock. (*Id*. at 17-18.)  He gave the physicians significant weight based on a series of factors, including status as a treating physician, board certifications in their respective fields, and the consistency of their evaluations with the

overall record.  (*Id.*)  Thus, the ALJ both considered Mr. Turner's subjective pain testimony in detail and articulated reasons for discrediting it.

The Court must next consider whether the ALJ's decision to discredit Mr. Turner's testimony is supported by substantial evidence.  *See, e.g., Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).  The ALJ gave "significant weight" to Dr. Jones' opinion regarding Mr. Turner's functional limitations. (Tr. at 17.)  Plaintiff contends that the ALJ should not have relied on Dr. Jones' opinion because it was "inconclusive."  (Doc. 9 at 12.)

Plaintiff's word choice belies his position that there is no substantial evidence to support the ALJ's opinion, as Plaintiff concedes that Dr. Jones' opinion could support either finding.  In this case, the ALJ must prevail. Furthermore, Dr. Jones' opinion consistently documents some decline over time with the continued capacity to work, buttressing the ALJ's finding.  In June 2007, Dr. Jones cleared Mr. Turner to return to work with restrictions for medium class duty.  (Tr. at 222.)  Dr. Jones later fielded a letter from Mr. Turner's employer asking whether Mr. Turner could work as a data entry clerk.  (*Id.* at 220.)  Dr. Jones concluded that "[h]e [Plaintiff] may need to be allowed to alternate sitting and standing as he has some back discomfort

if he sits or stands for any prolonged period of time in either position but I think the jobs description provided should be capable under the work restrictions outlined in the FCE." (*Id*.)  These statements indicate that Mr. Turner retained the capacity to work.

Next, the ALJ provided significant weight to Mr. David Bledsoe's evaluations as they related to functional limitations.  (*Id*. at 17.)  Plaintiff claims that Mr. Bledsoe does not warrant significant weight because his opinions were rendered shortly after a surgery and were inconsistent with later records.  (Doc. 9 at 12.)  However, the ALJ properly discussed Mr. Bledsoe's opinion because Mr. Bledsoe evaluated Mr. Turner twice, once in 2006 and again in 2007.  (Tr. at 17.)  In 2006, Mr. Bledsoe rated Mr. Turner at a medium lifting level along the FCE guidelines.  (*Id*. at 217).  In 2007, Mr. Bledsoe found some evidence of pain and some reduced function but still rated him at medium with the ability to lift 25 pounds from floor to waist.  (*Id*. at 216.)  Mr. Bledsoe determined that Mr. Turner could work over this period.  (*Id*. at 216-17.) Mr. Bledsoe's examinations are generally consistent with a report from Dr. Downey in 2008 which indicated a need for pain management, but also found 5/5 motor strength and an ability to mow his

yard.  (*Id*. at 348.)   Thus, these findings are not limited to the period directly after surgery.   Furthermore, the ALJ did not deem Mr. Bledsoe's opinion to be dispositive—he considered it as part of the larger record and found that it supported his determination that Mr. Turner could work.

The ALJ also gave significant weight to Dr. Downey's opinions.  (*Id*. at 17.)  Regarding Dr. Downey, Plaintiff contends that the ALJ only focused "on certain aspects of those records and completely ignores the totality of the same which overwhelming [sic] documents the Plaintiff's continued reports of and treatment for his severe pain." (Doc. 9 at 12.)  Plaintiff is correct to note that some of Dr. Downey's 2009 assessments indicate some evidence of severe pain.  (Tr. at 345.)  However, the ALJ found that these recent assessments, overall, were consistent with his RFC determination; substantial evidence in the record supports this conclusion.

For instance, on May 4, 2009, Dr. Downey noted that while Mr. Turner wanted to pursue "medication management" for his pain, he was unwilling to consider chronic medication management.  (*Id*. at 347.)  Dr. Downey was unable to get specifics regarding Mr. Turner's activities.  He stated, "[W]e also discussed his current physical activities, which are reportedly limited

around the house.  He does not specifically say what he can tolerate only stating that he has some good days and bad days." (*Id*. at 347.)  Thus, Mr. Turner was unwilling to give Dr. Downey a detailed description of his abilities, which renders these assessments unhelpful in discerning Mr. Turner's capacities.  Furthermore, the ALJ considered Dr. Downey's letter recommending Mr. Turner for Social Security disability.  That letter, sent in late September 2007, noted only that Mr. Turner may be unable "to maintain his previous level of work."  (*Id*. at 335.)  It did not comment on Mr. Turner's ability or inability to perform any work at all.  (*Id*.)

The ALJ compared this to earlier examinations.  In October 2007, Dr. Downey noticed a "gradual return of symptoms" but kept Mr. Turner on "light duty precautions."  (*Id*. at 334.)  A similar October analysis detailed a "normal gait" and "mild pain behaviors."  (*Id*. at 357.)  It appears the ALJ ultimately selected the early reports by Dr. Downey only after evaluating the entire medical record.  (*Id*. at 17-18.)  Thus, the ALJ weighed the evidence and made a finding.  This Court does not disturb and reconsider evidence the ALJ has properly weighed.  *See, e.g., Foote*, 67 F.3d at 1562 (citation omitted) ("A clearly articulated credibility finding with substantial

evidence in the record will not be disturbed by a reviewing court").

Finally, Plaintiff contends that the ALJ ignored Mr. Turner's longitudinal history for treatment of pain. (Doc. 9 at 13-14.)  However, the preceding discussion indicates that is not the case.  The ALJ also outlined Mr. Turner's treatment history, beginning in 2000 and ending in 2009.  (Tr. at 13-15.)  Mr. Turner received treatment for pain, but the ALJ discredits the severity of the pain, which is the ultimate inquiry.  *See Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984) ("It was not inconsistent for the [ALJ] to find that [the plaintiff] suffers pain in fact and yet is not so severely impaired as to meet the stringent test for disability imposed by the Act").

The Court notes that the ALJ also attached significant weight to the opinions of Dr. Matt Parker and Dr. Marcus Whitman.  (Tr. at 17-18.)  Dr. Parker was one of Mr. Turner's treating physicians.  (*Id.* at 17.)  Plaintiff fails to provide any response to the ALJ's reliance on these opinions.  (Doc. 11.)  These two opinions provide important support for the ALJ's opinion.  Dr. Parker noted "high reports of pain" when examining Mr. Turner in 2007 but found significant ability for movement and noted that Mr. Turner retained full work status.  (Tr. at 173-174.)  Dr. Marcus Whitman performed

Mr. Turner's Residual Functional Capacity Assessment and found that Mr. Turner had some postural limitations but also found that he could frequently lift 10 pounds, occasionally lift 20 pounds, and sit or stand for about six hours with normal breaks in an eight-hour work day. (*Id.* at 305-310.) These two examinations provide additional support for the ALJ's findings.

There is substantial evidence that the ALJ considered the entire record in reaching his conclusions on Mr. Turner's credibility.  Mr. Turner may suffer from some pain without suffering disabling pain. *See Arnold*, 732 F.2d at 884.  The medical evidence supports the ALJ's conclusion that Plaintiff's pain did not cause disabling limitations and shows that he could perform a reduced yet substantial range of work.  (Tr. at 17-19.)

IV.    Conclusion.

Upon review of the administrative record, and considering all of Mr. Turner's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 6<u>th</u> day of <u>September 2011</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

167458